

Thompson, Coe, Cousins & Irons, L.L.P.
Attorneys and Counselors

Travis Armstrong
Direct Dial: 713-403-8231
tarmstrong@thompsoncoe.com

www.thompsoncoe.com

October 28, 2025

Lyle W. Cayce, Clerk
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, Louisiana 70130-3408

Re:  No. 24-20535; *Storey Mountain, L.L.C. v. Weldon*
     USDC No.4:22-MC-524

## Letter Brief of Creditor-Appellant Storey Mountain, LLC

Dear Mr. Cayce:

Creditor-Appellant Storey Mountain, LLC ("Storey Mountain") files this Letter Brief in response to the Court's October 24, 2025, letter (Doc. No. 74) directing the parties to identify evidence in the record to establish Storey Mountain's citizenship for purposes of diversity jurisdiction.

Storey Mountain is a limited liability company that was formed under the laws of the State of Wyoming. Its citizenship for purposes of diversity is determined by the citizenship of each of its members. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019). Storey Mountain's sole member is Storey Mountain Holdings, LLC, which was also formed under the laws of the State of Wyoming. The membership of Storey Mountain Holdings, LLC, consists of two natural persons, both of whom are domiciled in the State of Florida. *Id.* at 313 (for individuals, citizenship has the same meaning as domicile). Thus, Storey Mountain is a citizen of the State of Florida for the purposes of diversity jurisdiction.

In its Application for Writs of Garnishment After Judgment, Storey Mountain plead that "[f]or purposes of diversity, [Storey Mountain] is a citizen of Wyoming and Florida." This assertion was incorrectly based on the state in which Storey Mountain was organized (Wyoming) and the state in which Storey Mountain has its principal place of business (Florida). Though plead incorrectly, the Application was correct insofar that it alleged Storey Mountain Holdings, LLC's Florida citizenship, which

(as described above) is the *only* state in which Storey Mountain Holdings, LLC—and, by extension, Storey Mountain—has citizenship. In the District Court, no party contested Storey Mountain's citizenship nor the existence of diversity jurisdiction.

After a diligent search of the record, Storey Mountain is unable to find any evidence that was adduced in the District Court concerning Storey Mountain's Florida citizenship apart from Storey Mountain's initial pleadings and the fact that no party contested these pleadings or the existence of diversity jurisdiction. In view of this and the authorities cited in the Court's October 24, 2025, letter, Storey Mountain agrees that a limited remand to the District Court for a determination of diversity jurisdiction is appropriate.

The undersigned counsel has conferred with appellate counsel for Appellee Daniel J. Weldon, Successor Trustee of the Mary Katherine Weldon Trust. Appellee does not contest Storey Mountain's Florida citizenship or diversity jurisdiction. In view of this, upon remand, the parties anticipate filing a joint motion for a finding of diversity jurisdiction by the District Court. Storey Mountain intends to include with this motion a declaration by Christopher Zacarias—Storey Mountain Holdings, LLC's Manager—establishing Storey Mountain's Florida citizenship.[1] Once the District Court issues a finding on Storey Mountain's citizenship, the parties will supplement the clerk's record with the necessary filings.

Based on the plan outlined above, Storey Mountain respectfully requests that the Court order a limited remand to the district court with the following conditions:

(1) The remand is solely for the limited purpose of determining whether diversity jurisdiction exists.

(2) Upon the District Court's determination that diversity jurisdiction exists, no new notice of appeal needs to be filed; rather, all that will be needed is for the district court clerk to supplement the appellate record with copies of the new filings and the district court's opinion on jurisdiction.

(3) Upon return to this Court, no further briefing on the merits of this appeal will be required.

(4) The panel retains jurisdiction over the limited remand.

---

[1] Storey Mountain has attached a copy of this declaration as "Exhibit A" to this letter brief for the Court's reference only. Storey Mountain does not offer this declaration for the purposes of avoiding remand based on jurisdictional evidence presented for the first time on appeal. *See MidCap*, 929 F.3d at 315 ("[T]he Supreme Court has prohibited us from receiving jurisdictional evidence on appeal.").

These conditions are consistent with other remand orders the Court has issued in similar cases. *See PNC Bank, Nat'l Ass'n v. 2013 Travis Oak Creek, L.P.*, 136 F.4th 568, 576 (5th Cir. 2025); *All About Prop., L.L.C. v. Midland Mortgage*, No. 24-20092, 2025 WL 1380066, at *3 (5th Cir. May 13, 2025).

        Very truly yours,

        Travis Cade Armstrong
        *Counsel for Creditor-Appellant Storey Mountain, L.L.C.*

cc:    Byron C. Keeling
       bck@keelingfredrickson.com
       4511 Yoakum Blvd., Suite 125
       Houston, Texas 77006
       **LEAD COUNSEL FOR APPELLEE**
       **DANIEL J. WELDON, SUCCESSOR TRUSTEE OF THE**
       **MARY KATHERINE WELDON TRUST**

       Vicki Whitlow Thomas
       vicki@vwthomaslaw.com
       4615 Southwest Freeway, Suite 600
       Houston, Texas 77027
       **CO-COUNSEL FOR DANIEL J. WELDON,**
       **SUCCESSOR TRUSTEE OF THE MARY KATHERINE**
       **WELDON TRUST**

       H. Brad Parker
       bparker@parkerlawpc.com
       H. Brad Parker, P.C.
       700 Louisiana Street, #3950
       Houston, Texas 77002
       **CO-COUNSEL FOR DANIEL J. WELDON,**
       **SUCCESSOR TRUSTEE OF THE MARY KATHERINE**
       **WELDON TRUST**

# EXHIBIT A

## UNSWORN DECLARATION OF CHRISTOPHER ZACARIAS

1. I, Christopher Zacarias, declare and state as follows, in accordance with section 28 U.S.C. § 1746.

2. I am a Manager of Storey Mountain Holdings, LLC, which is the sole member and manager of Plaintiff/Garnishor Storey Mountain, LLC ("Storey Mountain"). I have the authority to and have been authorized to make this Declaration on Storey Mountain's behalf. I am of sound mind, over the age of 18, have never been convicted of a felony or crime of moral turpitude and am competent to make this Declaration. I have personal knowledge of the matters set forth herein.

3. Storey Mountain is a limited liability company that was formed under the laws of the State of Wyoming. Storey Mountain's sole member is Storey Mountain Holdings, LLC, which was also formed under the laws of the State of Wyoming. The membership of Storey Mountain Holdings, LLC, consists of two natural persons, both of whom are domiciled in the State of Florida. There is no other membership in either Storey Mountain or Storey Mountain Holdings, LLC, other than that described above.

4. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Miami-Dade County, in the State of Florida on October 28, 2025

_____
Christopher Zacarias